IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| APRIL M. SACQUAT, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 25-2698-KHV |
| ) | |
| TARGET CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

On November 25, 2025, plaintiff filed suit pro se against Target Corporation, alleging that it denied plaintiff's request for a reasonable accommodation to her job duties and terminated her employment because of her medical condition and in retaliation for her accommodation request in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the Kansas Act Against Discrimination ("KAAD"), K.S.A. § 44-1001 et seq. and Kansas public policy. This matter is before the Court on Defendant's Motion To Dismiss For Failure To State A Claim (Doc. #15) filed January 16, 2026. For reasons stated below, the Court sustains defendant's motion.

### Legal Standards

The Court affords a pro se plaintiff some leniency and liberally construes her filings. See James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013). Although the Court holds a pro se litigant's filings to a less stringent standard than formal pleadings drafted by attorneys, a pro se party must follow the same rules of procedure as all other litigants. See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

Defendant seeks to dismiss plaintiff's complaint under Rule 12(b)(6), Fed. R. Civ. P., claiming that it fails to state a claim on which the Court can grant relief. In ruling on a motion to

dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face.  Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense.  Iqbal, 556 U.S. at 679–80.

Plaintiff bears the burden to frame her claims with enough factual matter to suggest that she is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements.  See Twombly, 550 U.S. at 556.  Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678.  Plaintiff must show more than a sheer possibility that defendant acted unlawfully—it is not enough to plead facts that are "merely consistent with" liability.  Id. (quoting Twombly, 550 U.S. at 557).

A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand.  Iqbal, 556 U.S. at 678.  Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the pleading has alleged—but has not shown—that the pleader is entitled to relief.  See id. at 679.

**Procedural Background**

Before plaintiff filed the current action, on September 24, 2025, in the District Court of Shawnee County, Kansas, she filed suit against Target Corporation.  See Summons [And Complaint] (Doc. #1-1 filed in D. Kan. No. 25-4101).  In the prior action, plaintiff alleged that

after she sustained injuries in a car accident, Target denied her request to work part time and terminated her employment because of her medical condition and in retaliation for her accommodation request.  See id.  Plaintiff asserted claims under the ADA, the KAAD and Kansas public policy.  See id.  On October 16, 2025, Target timely removed that action to this Court.  See Notice Of Removal (Doc. #1 filed in D. Kan. No. 25-4101).  On December 3, 2025, in the prior action, under Rule 12(b)(6), Fed. R. Civ. P., the Court sustained Target's motion to dismiss and dismissed plaintiff's claims for failure to state a claim on which relief could be granted.  See Memorandum And Order (Doc. #8 filed in D. Kan. No. 25-4101); Judgment In A Civil Case (Doc. #9 filed in D. Kan. No. 25-4101).

Plaintiff did not appeal or seek to set aside the judgment in the prior lawsuit, D. Kan. No. 25-4101.  Instead, on November 25, 2025, she filed this suit against Target, which asserts substantially the same claims which she asserted in the prior lawsuit.  Before plaintiff obtained service on Target, on December 12, 2025, she filed an amended complaint.  See Complaint (Doc. #10).[1]  Plaintiff again alleges that Target failed to accommodate her request to work part time and terminated her employment because of her medical condition and in retaliation for her request for reasonable accommodations.  Plaintiff asserts claims for retaliatory discharge (Count I) and discrimination because of her medical condition and request for reasonable accommodations (Count II) in violation of the KAAD and Kansas public policy.  See id. at 5–7.  Plaintiff does not cite the ADA in either count, but the complaint alleges that Target's conduct deprived her of

---

[1] In her original Complaint For Employment Discrimination (Doc. #1), plaintiff checked the box on the form complaint which indicates that she asserts jurisdiction in part under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  Complaint For Employment Discrimination (Doc. #1) at 3.  Plaintiff did not allege any facts which purported to assert a claim under Title VII, and she has not included a Title VII claim in her amended complaint.

critical financial support necessary for well-being "as mandated by the ADA," id. at 3, and that defendant violated the ADA, see id. at 4.

## Analysis

Defendant argues that the Court should dismiss plaintiff's complaint because (1) the doctrine of res judicata or claim splitting bars her claims and (2) the complaint fails to state a claim on which relief can be granted. Plaintiff has filed a response, but she only addressed defendant's argument that her complaint fails to state a claim.

Under District of Kansas Rule 7.1, if a party does not timely respond to a motion to dismiss, the Court ordinarily will grant the motion as uncontested without further notice. See D. Kan. R. 7.1(c). Likewise, under District of Kansas Rule 7.1 and basic litigation principles, when a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address and abandoned any claims which depend on response to such arguments. See Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025); see also C1.G ex rel. C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (district court correctly dismissed plaintiff's facial challenge because he abandoned it by not addressing it in response to defendants' motion to dismiss). Because plaintiff failed to respond to defendant's argument that the doctrine of res judicata bars her present claims and for reasons stated below, the Court sustains defendant's motion and dismisses plaintiff's complaint.

Res judicata, i.e. claim preclusion, is an affirmative defense on which defendant bears the burden of proof. See Fed. R. Civ. P. 8(c); Watkins v. Genesh, Inc., 135 F.4th 1224, 1230 (10th Cir. 2025). Defendant may properly raise the defense in a Rule 12(b)(6) motion when all relevant facts are shown by the Court's own records, of which the Court takes judicial notice. See Massey

v. Computershare Ltd., No. 24-1095, 2025 WL 3172016, at *3 (10th Cir. Nov. 13, 2025).

Under federal law, res judicata applies if a party establishes the following three elements: (1) a final judgment on the merits in a prior action; (2) both actions involve the same parties or their privies; and (3) both cases include the same cause of action. See Watkins, 135 F.4th at 1229. A cause of action includes "all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." Id. at 1229–30 (applying transactional approach articulated in Restatement (Second) of Judgments). Claim preclusion prevents parties or their privies from relitigating issues that were or could have been raised in the prior action. Id. A party cannot avoid res judicata by repackaging precluded claims under slightly different legal theories if the new and precluded claims stem from the same transaction or occurrence. Id. Even if a party establishes the elements of res judicata, preclusion will not attach if the party opposing preclusion "did not have a full and fair opportunity to litigate the claim in the prior suit." Id. (quotation marks omitted). Defendant bears the burden to show that the three preclusion factors are satisfied and that plaintiff had a full and fair opportunity to litigate her claim in the prior lawsuit. Id.

Defendant has satisfied its burden to establish that res judicata bars plaintiff's current lawsuit. As explained above, plaintiff does not dispute defendant's arguments. The prior action (D. Kan. No. 25-4101) resulted in a final judgment and the parties in the two actions are identical. Both actions include the same cause of action, i.e. that after plaintiff sustained injuries in a car accident and was unable to return to work, defendant denied plaintiff's request to work part time as an accommodation for her medical condition and terminated her employment because of her medical condition and in retaliation for her accommodation request. Plaintiff asserts slightly different legal theories in the two actions, but both complaints allege claims which stem from the

same transaction, event or occurrence.² See Markley v. U.S. Bank Nat'l Ass'n, 142 F.4th 732, 737 (10th Cir. 2025) (parties must bring all claims stemming from same operative facts in one lawsuit or forever hold their peace).  Plaintiff had a full and fair opportunity to litigate her claims in the prior lawsuit.  The Court therefore finds that the doctrine of res judicata precludes the claims in plaintiff's Complaint (Doc. #10).  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court dismisses plaintiff's complaint for failure to state a claim on which relief can be granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss For Failure To State A Claim (Doc. #15) filed January 16, 2026 is **SUSTAINED.  Under Rule 12(b)(6), Fed. R. Civ. P., the Court dismisses plaintiff's Complaint (Doc. #10) filed December 12, 2025 for failure to state a claim on which relief can be granted.**

Dated this 4th day of February, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

² In both complaints, plaintiff asserts claims under the KAAD and Kansas public policy.  In the current action, even though the complaint refers to the ADA and alleges that defendant violated the ADA, plaintiff purportedly does not assert a claim under the ADA.  In addition, in the prior action, plaintiff also alleged that defendant retaliated against her because she filed a worker compensation claim.  Doc. #1-1 filed in D. Kan. No. 25-4101 at 5.  Plaintiff did not include such a claim in this action, but she alleges that the Kansas Department of Labor's findings are "crucial in establishing pretext for the retaliatory actions taken against the Plaintiff, directly linking them to her protected activities."  Complaint (Doc. #10) at 5.